IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00049-REB-MJW

211 EIGHTH, LLC, a Colorado limited liability company, and
PRINCE CREEK CONSTRUCTION, INC., a Colorado corporation,

Plaintiffs,

v.

TOWN OF CARBONDALE, a Colorado home-rule municipality,
NANCY BARNETT, in her official capacity as Acting Town Manager for the Town of
Carbondale, Colorado, and
JOHN PLANO, in his official capacity as the Building Official for the Town of
Carbondale,

Defendants.

---

## ORDER ON
## DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EIGHTH SUPPLEMENTAL
## DISCLOSURE (Docket No. 70)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 3)

issued by Judge Robert E. Blackburn on January 11, 2012.

Now before the court is defendants' Motion to Strike Plaintiffs' Eighth

Supplemental Disclosures (Docket No. 70).  The court has carefully considered the

subject motion (Docket No. 70) and plaintiffs' response (Docket No. 85).  In addition, the

court has taken judicial notice of the court's file, and has considered the applicable

Federal Rules of Civil Procedure and case law.  The court now being fully informed

makes the following findings of fact, conclusions of law, and order.

2

Defendants seek an order striking supplemental disclosures served by plaintiffs on January 8, 2013.  Defendants argue the supplemental disclosures, which increase plaintiffs' damage claim substantially, are untimely, prejudicial, and speculative in nature.  Defendants argue the supplemental disclosures should be struck and plaintiffs should be prohibited from offering any testimony at trial regarding the recently disclosed damages.  In response, plaintiffs argue they have fully complied with Fed. R. Civ. P. 26(e) in light of the timing of the events which gave rise to the need for the supplemental disclosures.

Parties are required to supplement Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  The court has broad discretion to determine whether a Rule 26 violation is justified or harmless. Woodworker's Supply Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

Although the court need not make explicit findings, the following factors are used to guide the court's determination: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  Id.

Plaintiffs' supplemental disclosures were served on defendants on January 8, 2013.  An eight-day jury trial is set to commence in this matter on February 25, 2013.  The supplemental disclosures involve additional damage claims related to the possible foreclosure on the subject property.  Specifically, on September 28, 2012, the development lender, the Community Banks of Colorado (the "Bank"), gave notice of default and accelerated the debt on the subject property.  Shortly thereafter, on November 6, 2012, the Bank sought the *ex parte* appointment of a receiver.  The District Court of Garfield County appointed a receiver on November 8, 2012.  However, the Bank has yet to commence a foreclosure proceeding.  Regardless, plaintiffs seek to supplement their damages to account for the "near certain" foreclosure.

The supplemental disclosures include $2,790,000 in damages based on the value of the units and lots, and $942,831 in damages based on investments made.  Prior to plaintiffs' supplemental disclosures, damages claimed by plaintiffs totaled less than $140,000.

**Surprise**

Plaintiffs point out that in a settlement proposal dated November 3, 2012, plaintiffs warned defendants that "if this offer is not accepted by [defendants], the bank is likely to move forward with foreclosure against [plaintiffs] and [plaintiffs] will have significant damages which it will need to pursue."  Plaintiffs thus argue that their supplemental disclosures were not a surprise to defendants.  The court agrees, and finds that, at least as of early November, defendants were on notice of the possibility that plaintiffs would seek the damages disclosed in their supplemental disclosures.

**Prejudice**

4

Both parties admit that no discovery has been conducted regarding the additional damages contained in plaintiffs' supplemental disclosures.  Considering trial is set to commence on February 25, 2013, defendants argue they would suffer significant prejudice if plaintiffs were permitted to pursue the new damages at trial.

The parties' estimation of the complexity of plaintiffs' new damages are wildly divergent.  Defendants contend the foreclosure related damages would require significant additional work, including a "sophisticated forensic analysis" which would necessitate the court to "reopen extensive and complicated discovery related to a myriad of intertwined financial relationships and complicated document review and the impact and ramifications of same related to any foreclosure proceeding."  Plaintiffs, on the other hand, argue the new damages "are simple - the value of the property as of the date of the taking at issue in this case, which is also a reasonable estimate of the consequential damages under contract attending a loss through foreclosure, and as a limited alternative theory of damages, plaintiffs' hard money investment in the subject property."

Considering plaintiffs' supplemental disclosures were made a mere 48 days before trial, and trial is set to begin in three weeks, the court finds that defendants would suffer significant prejudice if plaintiffs' new damages were allowed to be presented at trial.  Plaintiffs admit that *some* additional discovery will be necessary.  Accordingly, plaintiffs' new damages are clearly not as simple as they contend.  However, even assuming the new damages are closer in complexity to plaintiffs' estimation, to expect defendants to adequately prepare for a completely new source of damages, which increases the total damages by over $3,000,000, this close to trial, is simply not

reasonable.  Thus, the prejudice factor weighs heavily in favor of defendants

## Ability to Cure

Plaintiffs suggest any prejudice to defendants may be cured by re-opening discovery.  However, even if discovery in re-opened, as explained above, there is not sufficient time before trial for defendants to adequately prepare for the new damages.  Accordingly, the court finds that plaintiffs do not have the ability to cure the prejudice.

## Trial Disruption

Allowing plaintiffs to present their new damages at trial would appear to minimally disrupt trial, if at all, given that trial has not begun, nor has a final pretrial conference been held.

## Bad Faith or Willfulness

Defendants do not directly argue that plaintiffs have acted in bad faith.  However, the court does have some concerns about the timing of plaintiffs' supplemental disclosures.  Plaintiffs essentially argue that the foreclosure was "possible" once payments stopped being made, but became a "near certainty" once they received a notice of default.  However, plaintiffs clearly knew that once they stopped making payments, a notice a default was not only possible, but likely.  Accordingly, it could be argued that plaintiffs should have explicitly put defendants on notice at that time.  While the court will not go as far as to find that plaintiffs have acted in bad faith, the court does find that the fourth factor favors neither party.

## Order

The court finds that the above factors favor granting the subject motion.  This is

6

primarily because defendants will suffer substantial prejudice if plaintiffs' new damages

are allowed at trial, and plaintiffs cannot cure the prejudice.  Accordingly, the court finds

that plaintiffs' supplemental disclosures are not substantially justified or harmless.

   **WHEREFORE,** for the foregoing reasons, it is hereby

   **ORDERED** that defendants' Motion to Strike Plaintiffs' Eighth Supplemental

Disclosures (Docket No. 70) is **GRANTED**.  Plaintiffs shall not be permitted to present

any evidence or testimony at trial concerning the new damages disclosed in their Eighth

Supplemental Disclosure.  It is further

   **ORDERED** that each party will be responsible for the costs and fees associated

with the subject motion**.**


Date:  February 4, 2013               s/ Michael J. Watanabe
        Denver, Colorado              Michael J. Watanabe
                                      United States Magistrate Judge