**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 12-cv-00049-REB-MJW

211 EIGHTH, LLC, a Colorado limited liability company, and
PRINCE CREEK CONSTRUCTION, INC., a Colorado corporation,

    Plaintiffs,

v.

TOWN OF CARBONDALE, a Colorado home-rule municipality,
NANCY BARNETT, in her official capacity as Acting Town Manager for the Town of Carbondale, Colorado, and
JOHN PLANO, in his official capacity as the Building Official for the Town of Carbondale.

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES

**Blackburn, J.**

The matter before me is defendants' **Motion for Attorneys' Fees** [#106],[1] filed February 26, 2013. I deny the motion.

Under 42 U.S.C. § 1988, the threshold for awarding attorney fees to a prevailing defendant is high:

> While a prevailing plaintiff ordinarily is entitled to attorney fees, a prevailing defendant in a civil rights action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant. This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff.

---

[1] "[#106]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

***Mitchell v. City of Moore, Oklahoma***, 218 F.3d 1190, 1203 (10th Cir. 2000) (citations and internal quotation marks omitted). Moreover, "[i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." ***Christiansburg Garment Co. v. EEOC***, 434 U.S. 412, 421-22, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). ***See also Mitchell***, 218 F.3d at 1203 ("The dismissal of claims at the summary judgment stage does not automatically meet this stringent standard.")

Defendants frankly acknowledge in their motion that an award of fees to a prevailing defendant is "not usual." Nothing in defendants' motion or the record of this case convinces me that this case is so unusual as to merit an award of attorney fees to prevailing defendants. Although plaintiffs' claims were not ultimately successful, they were not so baseless as to qualify as frivolous or vexatious under the lofty standards set forth above, either at the inception of this lawsuit or as the case progressed to its ultimate resolution. The issues presented by this matter were intricate and not at all clear-cut, and I cannot fault plaintiffs – much less sanction them by awarding attorney fees to their opponents – for pursuing their claims through summary judgment. ***See Shero v. City of Grove, Oklahoma***, 2007 WL 1574759 at *13 (N.D. Okla. May 29, 2007) ("A losing plaintiff's lawsuit is not likely to be found frivolous if he had 'an arguable basis' for pursuing the claim. Such an arguable basis might include . . . a material factual dispute") (citation and internal quotation marks omitted)).

**THEREFORE, IT IS ORDERED** that defendants' **Motion for Attorneys' Fees**

[#106], filed February 26, 2013, is **DENIED**.

Dated April 4, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge